Peter Hugo **HEIN**, Petitioner,

v.

**UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE,**
Respondent.

No. 71–2632.

United States Court of Appeals,
Fifth Circuit.

March 17, 1972.

———◆———

Harry H. Walsh, Staff Counsel for Inmates, Texas Department of Corrections, Huntsville, Tex., for petitioner.

John N. Mitchell, Atty. Gen. of the U. S. Dept. of Justice, Washington, D. C., Troy A. Adams, Jr., District Director, Immigration and Nat. Service, New Orleans, La., Hoyt Harris, District Director, Immigration & Nat. Service, Port Isabell, Tex., James Gough, B. Stephen Rice, Asst. U. S. Attys., Houston, Tex., for respondent.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

Peter Hugo Hein petitions for review of the deportation order of the United States Immigration and Naturalization Service ordering him deported to Germany. Hein is 19 years of age and is the adopted son of Mr. and Mrs. Friedrich Gustav Hein who were German citizens and immigrated to the United States with young Hein in 1960, when petitioner was 8 years of age. Thereafter, in 1967, when petitioner was 14 years of age, Mr. and Mrs. Friedrich Gustav Hein were naturalized as United States citizens. However, petitioner was not naturalized with his adoptive parents, and under the terms of the Immigration and Nationality Act, Section 321(b), their naturalization did not confer automatic United States citizenship upon him since he was an adopted child. See 8 U.S.C. § 1432(b).

Hein is presently incarcerated in a unit of the Texas Department of Corrections for a narcotics conviction for violating Article 725(b) of the Texas Penal Code which he concedes subjects him to immediate deportation under 8 U.S.C. § 1251 unless it be denied because Section 321(b) of the Immigration and Nationality Act is unconstitutional under the equal protection clause of the Fourteenth Amendment.

 Petitioner's charge of unconstitutionality of Section 321(b) of the Immigration and Nationality Act which provides that automatic citizenship does not occur for an adopted child under the age of 16 years, upon the naturalization of his adoptive parents, though it would for a natural child under such circumstances (see Section 321(a) of the Act), is as we have stated based upon the equal protection clause of the Fourteenth Amendment. He asserts that the differentiation between natural and adopted children is an invidious discrim-

ination against adopted children. However, an alien has no constitutional right to citizenship which is a privilege conferred as a matter of grace by Congress under Article 1, Section 8 of the United States Constitution relative to the power of Congress "to establish an uniform Rule of Naturalization." See Rogers v. Bellei, 401 U.S. 815, 91 S.Ct. 1060, 28 L. Ed.2d 499 (1971). It was, therefore, within the power of Congress to differentiate between the procedure for naturalization of natural and adopted children. Adopted alien children under the age of 18 may be naturalized under Section 323 of the Immigration Act (8 U. S.C. § 1434), but petitioner's adoptive parents failed to apply for the citizenship of their adopted child under this section for reasons not apparent in the record.

Under the circumstances, the constitutional contentions of petitioner in this case must fail. The order of deportation is, therefore, affirmed.

Affirmed.