Israel **ROSALES–CABALLERO,**
Petitioner,

v.

**IMMIGRATION AND NATURALIZATION SERVICE,** Respondent.

No. 72–2229.

United States Court of Appeals,
Fifth Circuit.

Jan. 26, 1973.

---

Denise David Schwartzman, Legal Services of Greater Miami, Inc., Miami, Fla., for petitioner.

Richard G. Kleindienst, U. S. Atty. Gen., U. S. Dept. of Justice, Washington,

D. C., Troy A. Adams, Jr., Dist. Director, I. N. S., New Orleans, La., Robert W. Rust, U. S. Atty., Robert L. Woytych, Dist. Director, I. N. S., Miami, Fla., John L. Murphy, Donald H. Feige, Dept. of Justice, Washington, D. C., for respondent.

Before RIVES, THORNBERRY and GOLDBERG, Circuit Judges.

PER CURIAM:

This petition for review under section 106 of the Immigration and Nationality Act, 8 U.S.C. § 1105a, seeks to raise the issue whether an indigent alien has a constitutional right to counsel in a deportation proceeding. Two separate sections of the Act, sections 242(b)(2) and 292, 8 U.S.C. §§ 1252(b) and 1362, contain an identical provision that an alien in a deportation proceeding "shall have the privilege of being represented (at no expense to the Government) by such counsel, authorized to practice in such proceedings, as he shall choose." Those sections are implemented by regulations which require the Special Inquiry Officer, at the opening of a deportation hearing, to advise the alien of his right to representation by counsel at no expense to the Government. 8 C.F.R. 242.16(a) and (d). No provision is contained in the Act or the Regulations for an indigent alien in a deportation proceeding to be assigned counsel at government expense.

The order to show cause served on Rosales advised him that, "If you choose, you may be represented in this proceeding, at no expense to the Government, by an attorney * * *." After engaging an attorney Rosales, at the hearing on December 21, 1971, proceeded without counsel as shown by the following colloquy:

"Q. [Special Inquiry Officer] At this hearing you have the right to be represented by a lawyer of your own choice at your own expense. I have here the notice of appearance of attorney S. Harvey Ziegler, dated December 30,

1970, and at that time Mr. Ziegler was with the law firm of Walters, Moore & Costanzo. Is Mr. Ziegler your representative?

"A. Yes.

"Q. Is he with you today?

"A. No.

"Q. Do you expect him to arrive?

"A. *No I am not using him, I will have to pay him money that I do not have now is the reason that I did not look him up.*

"Q. Are you ready to proceed without a lawyer?

"A. Yes I think so because I am going to tell the truth, the whole truth.

"SPECIAL INQUIRY OFFICER: Very well, we will proceed.

"COUNSEL: Let the record show that I appeared, my name is David W. Walters, on behalf of Mr. Ziegler and in light of the fact that the client does not want an attorney I will withdraw and this will be a termination of our connection with the case for all purposes, for either myself, the firm of Walter, Moore & Costanzo or Mr. S. Harvey Ziegler.

"SPECIAL INQUIRY OFFICER: Very well Mr. Walters."

(Emphasis added.) [Record, pp. 11, 12.]

■ The only indication of petitioner's indigency is that furnished by the part of the foregoing colloquy which we have emphasized. That is not sufficient proof of indigency to permit us to decide the " * * * momentous issue—the right of an indigent alien to counsel in a deportation proceeding." Hendriques v. Immigration & Nat. Serv., 2nd Cir. 1972, 465 F.2d 119, 120.

■ On the other hand there is some indication that the petitioner was truly an indigent. An alien immigrant, with an imperfect knowledge of the English language, without the advice of counsel, and in the absence of any inquiry from the hearing officer on the issue of indigency, would probably not appreciate the necessity of furnishing proof of his indigency nor the method of making such proof. The case is therefore remanded with directions that testimony be heard on the issue of petitioner's indigency and that issue be decided, or that the alternate procedure be followed which we now suggest.

Before this Court, the petitioner is ably represented by an attorney furnished by Legal Services of Greater Miami, Inc. We assume that the same attorney or some other attorney furnished by that organization will be willing to represent the petitioner without charge upon remand, and that the petitioner will welcome such representation. If our assumptions are correct, it might facilitate the administration of justice for the Board of Immigration Appeals to vacate the deportation order, and for a new hearing to be conducted on the merits in which the present petitioner would be represented by counsel. In that event, in lieu of the collateral issue being heard and decided, the merits would be heard and decided with more dispatch and perhaps with more assurance of fairness to both sides. This Court does not order such alternate procedure, but, under its broad authority to order "such further proceedings to be had as may be just under the circumstances." 28 U.S.C. § 2106, this Court does expressly permit such procedure.

This case is remanded to the Immigration and Naturalization Service for further proceedings consistent with this opinion.

Remanded.