**Muazzam Mohammad LATEEF,
Petitioner,**

v.

**John ASHCROFT, Attorney
General, Respondent.**

No. 02–72039.

United States Court of Appeals,
Ninth Circuit.

Submitted March 29, 2004.*

Decided April 1, 2004.

Scott K. Kawamura, Los Angeles, CA, for Petitioner.

Regional Counsel, Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Alison R. Drucker, Esq., DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before: D.W. NELSON, FERNANDEZ, and KLEINFELD, Circuit Judges.

## MEMORANDUM **

Muazzam Mohammad Lateef petitions for review of the Board of Immigration Appeals' summary affirmance without opinion pursuant to 8 C.F.R. § 3.1(a)(7) of an Immigration Judge's removal order. On appeal, Lateef claims that: (1) the Immigration Judge erred by denying Lateef's request to withdraw his plea to the Notice to Appear; (2) the Immigration Judge erred by admitting into evidence several exhibits over Lateef's objections; (3) Lateef is entitled to derivative United States citizenship since former Section 321(a) of the Immigration and Nationality Act, 8 U.S.C. § 1432(a) (repealed 2000), violates due process and equal protection; and (4) the INS's streamlining provisions violate due process.

■ Substantial evidence supports the Immigration Judge's disposition of the first two of these claims. *See Vera–Villegas v. INS*, 330 F.3d 1222, 1230 (9th Cir. 2003). The Immigration Judge denied Lateef's motion to withdraw his admissions since Lateef was represented by counsel when he made the admissions. It is well-settled that "[p]etitioners are generally bound by the conduct of their attorneys, including admissions made by them, absent egregious circumstances." *Magallanes–Damian v. INS*, 783 F.2d 931, 934 (9th Cir.1986) (holding that petitioners were not denied due process by their counsel's admission of deportability on their behalf); *see also Matter of Velasquez*, 19 I. & N. Dec. 377, 382 (1986) ("[T]here is a strong presumption, which the respondent did not proffer any evidence to overcome,

that [counsel's] decision to concede deportability in the motion was a reasonable tactical decision."). Lateef offers no evidence that the circumstances surrounding his prior admissions were egregious.

■ The Immigration Judge also properly admitted Exhibits 2, 5, and 6 into evidence, despite Lateef's objections. Each of these exhibits was properly certified by an INS officer. *See Espinoza v. INS*, 45 F.3d 308, 310 (9th Cir.1995) (holding that such certification conforms to Fed. R.Civ.P. 44 and 8 C.F.R. § 287.6(a)). "[I]nformation on an authenticated immigration form is presumed to be reliable in the absence of evidence to the contrary presented by the alien." *Id.* at 310. Lateef offers no evidence to undermine the reliability of these documents.

■ Lateef next argues that former Section 321 of the INA, which allowed a child born outside the United States of alien parents to become a citizen upon naturalization of both parents "while such child is under the age of eighteen years," 8 U.S.C. § 1432 (repealed 2000), is unconstitutional since it presents "an irrational distinction" based on age "between similarly-situated noncitizens." However, several courts–including the Ninth Circuit–have upheld the derivative citizenship provision against due process and equal protection challenges. *See, e.g., Barthelemy v. Ashcroft*, 329 F.3d 1062, 1065–68, (9th Cir. 2003) (upholding 8 U.S.C. § 1432 against petitioner's claim that it irrationally classifies aliens seeking citizenship based on the former marital status of alien's parents and impermissibly discriminates on the basis of gender); *Hein v. INS*, 456 F.2d 1239, 1239–40 (5th Cir.1972) (upholding former 8 U.S.C. § 1432 against petitioner's claim that its differentiation between natu-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ral and adopted children is invidious discrimination). In *Barthelemy*, we observed that "Congress has nearly plenary power to establish qualifications for citizenship" and that "[w]e therefore must uphold the constitutionality of § 321(a) if a 'facially legitimate and bona fide reason' supports the distinction made by the statute." 329 F.3d at 1065 (quoting *Fiallo v. Bell*, 430 U.S. 787, 794–95, 97 S.Ct. 1473, 52 L.Ed.2d 50 (1977)).

As the government points out, there is a clear rational basis for Congress to select age 18 as a cutoff for derivative citizenship, since this is the age at which a parent's legal guardianship and control usually ends. This is also the age at which an individual assumes several rights and obligations of citizenship, including eligibility for the draft and acquisition of the right to vote and enter certain types of contracts. These are facially legitimate and bona fide reasons supporting the age distinction drawn in the statute; therefore, the derivative citizenship provision is constitutional.

Lateef's final claim, that the INS's streamlining provisions violate due process, has been foreclosed by our recent decision in *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 851 (9th Cir.2003).

PETITION DENIED.