# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 3, 2007

Charles R. Fulbruge III
Clerk

No. 06-60751
Summary Calendar

ALEXANDER PUENTES-BEJARANO

Petitioner

v.

PETER D KEISLER, ACTING U S ATTORNEY GENERAL

Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A90 958 698

Before HIGGINBOTHAM, STEWART, and OWEN, Circuit Judges.

PER CURIAM:[*]

Alexander Puentes-Bejarano (Puentes) seeks review of the Board of Immigration Appeals' (BIA's) order of removal. He argues that the BIA erred in denying his nationality claim because he met all of the requirements for citizenship under then applicable INA § 321, 8 U.S.C. § 1432 (repealed) and that, as a consequence, he derived citizenship by operation of law via the naturalization of his adoptive mother.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Section 321 is inapplicable on its face. The only subsection that could possibly apply to Puentes is § 321(a)(3), under which he was required to establish either (1) the naturalization of his adoptive mother and a legal separation of his parents or (2) the naturalization of his adoptive mother and that he was born out of wedlock with unestablished paternity. INA § 321(a)(3), 8 U.S.C. § 1432(a)(3)(repealed). As Puentes had only one adoptive parent, he could not establish a legal separation of his adoptive parents. Nor did he establish that he was born out of wedlock with unestablished paternity. Therefore, Puentes failed to satisfy the requirements for derivative citizenship under § 321(a)(3). The BIA did not err in denying his nationality claim.

Equally without merit is Puentes's claim that there are material fact issues that require remand to the district court. His assertion that his potential out-of-wedlock status and his paternity are at issue is not supported by the record. He provides no evidence that he was born out of wedlock or that his paternity was not established such that he could qualify for derivative citizenship under former § 321(a)(3). See 8 U.S.C. § 1252(b)(4)(b) & (5)(A)-(B). Additionally, Puentes concedes that there are no facts "at issue in the present case" unless we find that such issues are in dispute, in which case we must remand to the district court. He fails to explain which facts we might identify as being in dispute.

Puentes challenges the IJ's determination that he did not fall within the definition of "child" in 8 U.S.C. § 1101(c)(1) because his adoption did not take place in the United States, but rather, occurred in Colombia. We agree with the BIA that this contention need not be addressed, since Puentes cannot qualify for derivative citizenship under 321(a)(3) as the child of a single adoptive parent, no matter where he was adopted. Moreover, we do not review an IJ's determination if that determination did not impact the BIA's decision. Efe v. Ashcroft, 293 F.3d 899, 903 (5th Cir. 2002).

Puentes argues that the BIA's interpretation of § 321 violates the equal protection guarantee of the Constitution by treating differently adopted alien children who have two parents and adopted children who have only one parent. Under the applicable rational basis review, see De Fuentes v. Gonzales, 462 F.3d 498, 503 (5th Cir. 2006), the distinction here advances the interests of (1) "ensuring that a child who becomes an American citizen has a real relationship with a family unit, and with the United States, and is not a mere beneficiary of a legal relationship created in a foreign court; and (2) deterring immigration fraud by those who, without this restraint, could pose as adoptive parents and fraudulently secure derivative citizenship for children by engaging in adoptions in foreign courts." Smart v. Ashcroft, 401 F.3d 119, 122 (2d Cir. 2005) (all internal quotations omitted). Both are legitimate government interests sufficient to withstand a rational basis challenge. See e.g., id.; Villanueva-Jurado v. INS, 482 F.2d 886, 887-88 (5th Cir. 1973); Hein v. INS, 456 F.2d 1239, 1240-41 (5th Cir. 1972). Puentes's constitutional challenge to § 321 is without merit.

Puentes also argues that the BIA's interpretation of § 321 violates the canons of statutory construction by raising "serious constitutional issues" that could be avoided through alternative statutory interpretations. Here, there are no applicable alternative statutory interpretations that apply; the plain language of the statute excludes alien children of adoptive parents when the children are not born out of wedlock or the adoptive parent is not legally separated.

PETITION DENIED.