Manuel Anibal GERONIMO, Petitioner,

v.

Michael MUKASEY et al., Respondents.

No. EP–07–CV–199–PRM.

United States District Court, W.D. Texas, El Paso Division.

Feb. 27, 2008.

Manuel Anibal Geronimo, El Paso, TX, pro se.

Gary L. Anderson, Assistant United States Attorney, San Antonio, TX, Jose J. Tavarez, Special Assistant U.S. Attorney, Magdalena G. Jara, Assistant U.S. Attorney, El Paso, TX, for Respondents.

## MEMORANDUM OPINION AND OR-DER GRANTING RESPONDENTS' MOTION TO DISMISS

PHILIP R. MARTINEZ, District Judge.

On this day, the Court considered (1) Petitioner Manuel Anibal Geronimo's ("Geronimo") "Motion Pursuant to Title 28 USC Section 2241. Writ of Mandamus under 28 USC Section 1362 and Complaint for Declaratory Judgement [sic] Pursuant to Title 28 USC Section 2201," ("Petition") filed on June 6, 2007; (2) Respondents Michael Mukasey,[1] Michael Chertoff, Robert Jolicoeur, and Alfredo Campos's ("Respondents") "Motion to Dismiss," filed on August 13, 2007; (3) Geronimo's "Reply to Government's Motion to Dismiss for Lack of Subject Matter Jurisdiction Under Fed. R.Civ.P. 12(b)(1) and for Failure to State a Claim Upon Which Relief can be Granted Pursunat [sic] to Fed.R.Civ.P. 12(b)(6)," filed on September 5, 2007; (4) Respondents' "Reply to Petitioner's Response to Respondents' Motion to Dismiss," filed on September 17, 2007; (5) Geronimo's "Reply to the Government's Second and Third Response to Plaintiff's Habeas Petition," filed on October 2, 2007; (6) a letter from Geronimo, dated October 19, 2007, filed on

---

1. Geronimo originally named Alberto Gonzales as a Respondent. The Court finds Gonzales's successor, Michael Mukasey, should be substituted as Respondent herein. *See* Fed. R.Civ.P. 25(d)(1) ("When a public officer is a party to an action in his official capacity and during its pendency ... ceases to hold office, ... the officer's successor is automatically substituted as a party.").

October 23, 2007; and (7) Respondents' "Advisory to the Court," filed on November 9, 2007, in the above-captioned cause. After due consideration, the Court is of the opinion that Respondents' Motion to Dismiss should be granted for the reasons that follow.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Geronimo, a citizen of the Dominican Republic, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, challenging a final order of removal issued on the basis of his conviction for the importation of methylenedioxymethamphetamine (commonly referred to as "ecstasy"). Pet. 1

Geronimo asserts he immigrated to the United States as a legal permanent resident on April 19, 1990, registered with the Selective Service on May 5, 1993, and filed a N–400 Application for Certificate of Citizenship ("Application for Citizenship") with the United States Customs and Immigrations Service ("Customs") on July 28, 1997. *Id.* at 2–3. In 2001, he was convicted of a drug trafficking offense and sentenced to a term of imprisonment. Resps.' Mot. to Dismiss Ex. 4. In 2006, following the completion of Geronimo's sentence, the Department of Homeland Security issued a Notice to Appear which charged that Geronimo was removable because his prior conviction constituted an aggravated felony. *Id.* 2. Consequently, removal proceedings were initiated against Geronimo. On May 17, 2007, an Immigration Judge ("IJ") held a hearing, found Geronimo removable, and issued an order removing him to the Dominican Republic. Geronimo appealed to the Board of Immigration Appeals ("BIA") on May 22, 2007. The BIA denied his appeal and affirmed the removal order on August 6, 2007.

In his Petition, Geronimo argues that removal is improper because his Application for Citizenship was negligently denied, and that but for the Government's negligence, he would have been a citizen at the time of his conviction and, thus, not subject to removal. Pet. 2–3. Specifically, Geronimo alleges he never received notice of an interview scheduled in 1998 by Customs to address his Application, and that, as a result, he missed the interview, which caused Customs to terminate his Application for Citizenship. *Id.* He urges the Court to order that he be released from Respondents' custody. He also asks the Court to declare him a United States citizen or, alternatively, order Customs to process his Application for Citizenship, and issue him a Certificate of Citizenship on the ground that he was eligible for citizenship at the time he originally filed his Application for Citizenship. *Id.*

In their Motion to Dismiss, Respondents assert the case should be dismissed for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted pursuant to Rules 12(b)(1) and 12(b)(6), respectively, of the Federal Rules of Civil Procedure. Resps.' Mot. to Dismiss 1. They do not dispute that Geronimo filed an Application for Citizenship, but assert that he is removable because he was convicted of an aggravated felony, and has no constitutional right to citizenship on the basis of his having filed an Application for Citizenship prior to his conviction. *Id.* at 3.

On October 24, 2007, Geronimo was deported to the Dominican Republic pursuant to the removal order. Resps.' Advisory to the Court 3.

## II. SUBJECT MATTER JURISDICTION

### 1. Article III Case or Controversy Requirement

 "[A] deportation subsequent to the filing of the petition in habeas corpus

does not deprive the courts of jurisdiction." *Zalawadia v. Ashcroft*, 371 F.3d 292, 297 (5th Cir.2004). "[F]or a court to exercise habeas jurisdiction over a petitioner no longer in custody, the petitioner must demonstrate that ... his subsequent release has not rendered the petition moot, i.e., that he continues to present a case or controversy under Article III, § 2 of the Constitution." *Id.* at 296. "The petitioner presents an Article III controversy when he demonstrates 'some concrete and continuing injury other than the now-ended incarceration'—a 'collateral consequence of the conviction.'" *Id.* (quoting *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998)).

■ In the instant action, although Geronimo has been deported and is no longer in custody, his Petition should not be denied as moot.[2] Geronimo's removal to the Dominican Republic does not resolve his challenge to his status as a removable alien, given that he continues to face a collateral consequence. Because Geronimo was deported on the basis of committing an aggravating felony, he is barred from seeking reentry into the United States for a period of twenty years. 8 U.S.C. § 1182(a)(9)(A). *See Zalawadia*, 371 F.3d at 297 ("[T]he bar on readmission of a removed alien is a legally cognizable collateral consequence that preserves a live controversy even after deportation of the petitioner."). Thus, Geronimo's challenge to the removal order is not rendered moot by his subsequent deportation.

**2. Jurisdiction to Review Removal Orders**

The REAL ID Act, codified at 8 U.S.C. § 1252, provides that "a petition for review to the courts of appeal is the exclusive means of review of an administrative order of removal, deportation, or exclusion." 8 U.S.C. § 1252(a)(5). If the "[C]ourt finds that there is a want of jurisdiction, the [C]ourt shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed." 28 U.S.C. § 1631. Thus, a case may be transferred to another court if (1) it is in the interest of justice, and (2) the Court can identify another court in which the action could have been brought at the time it was filed. *Id.*

The Court is precluded, pursuant to the REAL ID Act, from exercising jurisdiction over Geronimo's challenge to his removal order. 8 U.S.C. § 1252(a)(5). Rather, jurisdiction is proper in the Fifth Circuit Court of Appeals. *Id.* Geronimo timely filed his Petition with the District Court for the Western District of Texas on June 6, 2007, which date is less than thirty days after the final removal order was entered on May 17, 2007. *See id.* (a petition for review is timely filed if it is "filed not later than 30 days after the date of the final order of removal"). Thus, the Court finds it is in the interest of justice to transfer Geronimo's claim challenging his removal order to the Fifth Circuit Court of Appeals.

**3. Jurisdiction to Review Claims**

■ The REAL ID Act, however, does not preclude a district court from exercising jurisdiction over constitutional claims or questions of law which do not challenge a final order of removal. *I.N.S. v. St. Cyr*, 533 U.S. 289, 312–13, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001) (holding that § 1252's jurisdiction-stripping provisions do not deprive federal courts of jurisdic-

2. The Court does find, however, that Geronimo's "Motion Requesting an Expedite [sic] Bond Determination and Preliminary Injunc-

tion," filed on August 31, 2007, is appropriately rendered moot given his removal. *See* Docket No. 8.

tion to entertain a petition for a writ of habeas corpus). Geronimo's assertions that Respondents negligently denied his Application for Citizenship and that such negligence resulted in a violation of his constitutional rights do not bear on the propriety of his removal order. Thus, the Court has jurisdiction to address Geronimo's claim that Respondents violated his constitutional rights by denying his Application for Citizenship.

## III. FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)") authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED.R.CIV.P. 12(b)(6). The Court must determine "whether in the light most favorable to the plaintiff and with every doubt resolved on his behalf, the complaint states any valid claim for relief." *Gregson v. Zurich Am. Ins. Co.*, 322 F.3d 883, 885 (5th Cir.2003) (internal quotation omitted). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir.2007) (quoting *Bell Atl. Corp. v. Twombly*, —— U.S. ——, ——–——, 127 S.Ct. 1955, 1964–65, 167 L.Ed.2d 929 (2007)).

## IV. ANALYSIS

Generally, matters concerning immigration and citizenship are vested within the discretionary authority of the Executive and Legislative Branches and precluded from judicial review. *Miller v. Albright*, 523 U.S. 420, 455, 118 S.Ct. 1428, 140 L.Ed.2d 575 (1998) (quoting *Shaughnessy v. United States*, 345 U.S. 206, 210, 73 S.Ct. 625, 97 L.Ed. 956 (1953)) ("'Our

cases 'have long recognized the power to expel or exclude aliens as a fundamental sovereign attribute exercised by the Government's political departments largely immune from judicial control.'"). "Congress has plenary power to make rules for the admission of aliens and to exclude those who possess those characteristics which Congress has forbidden." *Boutilier v. I.N.S.*, 387 U.S. 118, 123, 87 S.Ct. 1563, 18 L.Ed.2d 661 (1967). "The broad power that Congress possesses to decide not only which classes of aliens may enter the United States but also the terms and conditions of their entry cannot be disputed." *Anetekhai v. I.N.S.*, 876 F.2d 1218, 1221 (5th Cir.1989).

"An alien has no constitutional right to citizenship." *Villanueva–Jurado v. I.N.S.*, 482 F.2d 886, 887 (5th Cir.1973) (quoting *Hein v. I.N.S.*, 456 F.2d 1239, 1240 (5th Cir.1972)). "An alien 'seeking admission to his country may not do so under any claim of right.'" *United States v. Lopez–Vasquez*, 227 F.3d 476, 484 (5th Cir.2000) (quotation omitted). An alien seeking to become a United States citizen must comply with the statutory requirements established by Congress. *Fedorenko v. United States*, 449 U.S. 490, 506, 101 S.Ct. 737, 66 L.Ed.2d 686 (1981). "No alien has the slightest right to naturalization unless all statutory requirements are complied with." *United States v. Ginsberg*, 243 U.S. 472, 475, 37 S.Ct. 422, 61 L.Ed. 853 (1917). "'Once it has been determined that a person does not qualify for citizenship, ... the district court has no discretion to ignore the defects and grant citizenship.'" *United States v. Cervantes–Nava*, 281 F.3d 501, 505 n. 8 (5th Cir.2002) (quoting *Fedorenko*, 449 U.S. at 517, 101 S.Ct. 737).

"[A] purported citizen may not initiate or begin a declaratory judgment action to establish his citizenship if it is

already being litigated in a removal proceeding." *Rios–Valenzuela v. Dep't of Homeland Sec.*, 506 F.3d 393, 397 (5th Cir.2007); *see also* 8 U.S.C. § 1503(a)(2) (No declaratory action for citizenship "may be instituted in any case if the issue of such person's status as a national of the United States ... (2) is in issue in any such removal proceeding.").

■ In the instant action, Geronimo argues that the denial of his Application for Citizenship violated his constitutional rights, and seeks a declaratory judgment that he is a United States citizen. Pet. 15–17. However, because he initiated judicial action to pursue this relief after the commencement of removal proceedings, the Court lacks authority to grant Geronimo the relief he seeks. *Rios–Valenzuela*, 506 F.3d at 397 (dismissing a claim of citizenship brought after the initiation of removal proceedings). Moreover, the Court cannot order Customs to process Petitioner's Application or issue him a Certificate of Citizenship because such relief is "beyond the discrete nature of a habeas action." *See Zalawadia*, 371 F.3d at 301 (considering a habeas petition challenging a removal order and holding that the district court could not compel Customs to re-admit the petitioner into the United States or direct the BIA to conduct a new deportation proceeding because such relief is "beyond the discrete nature of a habeas action"). Thus, because the Court cannot grant the relief which Geronimo requests, it finds that his claims must be dismissed.

## V. CONCLUSION

Therefore, the Court is of the opinion that Respondents' Motion to Dismiss should be granted in part and denied in part.

Accordingly, **IT IS ORDERED** that Respondents Michael Mukasey, Michael Chertoff, Robert Jolicoeur, and Alfredo Campos's "Motion to Dismiss" (Docket No.

5) is **GRANTED IN PART** and **DENIED IN PART.**

**IT IS FURTHERED ORDERED** that Petitioner Manuel Anibal Geronimo's challenge to the propriety of his removal order be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit.

**IT IS FURTHER ORDERED** that Petitioner Manuel Anibal Geronimo's remaining claims be **DISMISSED.**

**IT IS FINALLY ORDERED** that the **CLERK** shall **CLOSE** the file.