**Oliver Paul COBOURNE, Petitioner,**

**v.**

**IMMIGRATION & NATURALIZATION SERVICE, Respondent.**

**No. 85–5374**
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Jan. 16, 1986.

Ira J. Kurzban, Kurzban, Kurzban & Weinger, P.A., Miami, Fla., for petitioner.

Eloise Rosas, Allen W. Hausman, U.S. Dept. of Justice, Office of Immigration Litigation, Civ.Div., Washington, D.C., for respondent.

Before TJOFLAT, VANCE and KRAV-ITCH, Circuit Judges.

PER CURIAM:

In this case the petitioner appeals the decisions of the Board of Immigration Appeals affirming the immigration hearing officer's decision finding him deportable, denying him discretionary relief under section 212(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(c), and denying his request to reopen the deportation proceedings. For reasons stated in this opinion we affirm the decisions of the Board of Immigration Appeals.

The petitioner, Oliver Paul Cobourne, is a native and citizen of Jamaica who was admitted to the United States for permanent residence on May 20, 1972. Deportation proceedings were brought against Cobourne through the issuance of an Order to Show Cause on February 24, 1984, and he was charged with deportability under section 241(a)(11) of the INA, 8 U.S.C. § 1251(a)(11), based on his conviction for a marijuana offense. At the deportation hearing, which began on March 12, 1984, the immigration judge informed Cobourne of the purpose of the hearing, advised him of his right to be represented by a lawyer, and provided him with a list of free legal services although Cobourne acknowledged that he already had the list. Cobourne chose not to seek the assistance of counsel and admitted to the allegations and charges in the Order to Show Cause. The immigration judge gave Cobourne a form to apply for a section 212(c) waiver from deportation, and Cobourne submitted the application on April 18, 1984, when the hearing resumed. Again Cobourne elected to proceed without an attorney and gave testimony in support of his waiver application. Cobourne testified that he had been a lawful permanent resident of the United States since 1972, living in Brooklyn before moving to Florida. He noted that he had been out of the U.S. twice since then and that he had worked in New York and in Jacksonville, Florida, in auto mechanics. Cobourne testified that he received an associate degree in automotive technology from Florida Junior College. He stated that he had been living with the mother of his two children intermittently for eight years and had plans to marry her. Cobourne noted further that he had two sisters living in the United States, one of whom was a U.S. citizen, and another sister living in the Virgin Islands. He originally came to the U.S. with his mother, but she had since returned to Jamaica. His father is deceased. Cross-examination by the trial attorney brought out that Cobourne had served for five months in the U.S. military in 1972 before receiving an honorable discharge for torn knee ligaments. Cobourne admitted that he had been convicted for the sale of marijuana in Florida in 1983. The record of that conviction had been previously introduced by the trial attorney. The trial attorney also introduced Cobourne's criminal record from New York, which included an outstanding felony warrant against him for criminal sale and possession of marijuana and destruction of a weapon. Cobourne also admitted that he had been arrested for petty theft in Florida, and had paid his fine after pleading guilty.

The immigration judge continued the hearing without making a decision on the section 212(c) waiver and gave Cobourne the opportunity to submit an application for naturalization under section 329(a) of the INA, 8 U.S.C. § 1440(a), based on his military service. The immigration judge issued his decision on July 16, 1984, finding Cobourne deportable as charged, denying his section 212(c) waiver application as a matter of discretion, and finding him ineligible for voluntary departure. The immigration judge found that the seriousness of Cobourne's criminal convictions and his attempts at avoiding the charges pending against him in New York outweighed the factors in Cobourne's favor including his

family ties and length of residence. The judge also found that Cobourne had not established his rehabilitation from criminal activity.

On August 9, 1984, Cobourne appealed the immigration judge's decision to the Board of Immigration Appeals ("Board"). At this appeal Cobourne, represented by counsel, asserted that the earlier deportation proceedings were prejudiced by his not being represented by an attorney, and argued that the section 212(c) waiver should not have been denied. The Board heard oral argument and dismissed the appeal on February 27, 1985, finding that Cobourne had knowingly and voluntarily waived his right to counsel and that the waiver had been properly denied. Cobourne filed a motion to reopen the proceedings and to stay his deportation on March 14, 1985, with assistance of counsel. Cobourne asserted that his wife, whom he had recently married, was pregnant with their third child, that he had obtained counsel in New York to face the outstanding warrant, and that he had character statements from two witnesses. The Board denied the motion on April 18, 1985, finding that Cobourne had failed to present any new or material evidence to support the waiver he sought.

■ In this appeal, Cobourne first argues that he was effectively denied his right to counsel in the deportation proceedings without having validly waived it and was therefore denied a fair deportation hearing. We disagree. After reviewing the record, we conclude that the Board properly found that Cobourne had voluntarily and knowingly waived his right to counsel and that he had received a fair hearing. The record clearly establishes that the immigration judge informed Cobourne of his right to counsel at the outset of the deportation hearing and provided him with a list of free legal services. Cobourne acknowledged that he understood his right to counsel, and he waived that right when he elected to proceed with the hearing unrepresented. The Supreme Court

has stated that a waiver of the right to counsel need not always be express. *North Carolina v. Butler*, 441 U.S. 369, 373, 99 S.Ct. 1755, 1757, 60 L.Ed.2d 286 (1979). As we have noted previously, waiver may be inferred from the language and acts of the defendant. *United States v. Cavallino*, 498 F.2d 1200, 1204 (5th Cir. 1974). Cobourne's case is analogous to a situation we faced previously in *Villanueva-Jurado v. Immigration and Naturalization Service*, 482 F.2d 886 (5th Cir. 1973). In *Villanueva-Jurado* we upheld the validity of a deportation order and rejected the petitioner's argument that the order was invalid because he was not represented by an attorney at the deportation hearing. We stated: "[T]he record in this case convincingly shows that the appointment of an attorney would have been unavailing and hence unnecessary. The operative facts were undisputed and the law is clear." *Villanueva-Jurado*, 482 F.2d at 888. This case is unlike our decision in *Partible v. Immigration and Naturalization Service*, 600 F.2d 1094 (5th Cir.1979), where we held that the alien's waiver of counsel was not validly made because of the complexity of the case and because the presence of counsel might have affected the outcome. We hold therefore that Cobourne was not denied a fair hearing by the absence of counsel in his behalf in that Cobourne validly waived his right to counsel, and the presence of counsel would not have affected the outcome of this case.

■ Cobourne's second contention is that his application for a section 212(c) waiver of deportability was improperly denied. We disagree. The immigration judge and the Board of Immigration Appeals properly denied Cobourne's application on the basis of the record before them. As the Board has stated previously, the immigration judge is not bound by an inflexible test in determining whether to grant a section 212(c) waiver as a matter of discretion. *Matter of Marin*, 16 I. & N. Dec. 581, 584 (BIA 1978). In *Marin*, the Board noted that "[t]he immigration judge

must balance the adverse factors evidencing an alien's undesirability as a permanent resident with the social and humane considerations presented in his behalf to determine whether the granting of section 212(c) relief appears to be in the best interests of this country." *Id.* We find here that the immigration judge properly weighed the adverse factors including Cobourne's criminal record and lack of evidence of rehabilitation against the favorable factors including his family ties, and that he did not abuse his discretion in denying the requested section 212(c) waiver.

Cobourne's final two contentions merit little comment. We reject his argument that the Board should have reopened Cobourne's deportation proceedings because Cobourne failed to present any significant new evidence, but rather proferred only largely cumulative evidence. *See Young v. United States Department of Justice, Immigration and Naturalization Service,* 759 F.2d 450, 457 (5th Cir.1985). Finally, we find no support for Cobourne's argument that his claim to United States nationality under section 106(a)(5) of the INA be transferred to the district court, and we therefore reject it.

AFFIRMED.