930 F.2d 33
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Innocente HERNANDEZ-ROMERO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 89-9553.
 United States Court of Appeals, Tenth Circuit.
 April 8, 1991.
 
 Before HOLLOWAY, Chief Judge, TACHA, Circuit Judge, and BRETT, District Judge.*
 ORDER AND JUDGMENT**
 TACHA, Circuit Judge.
 
 
 1
 Petitioner Innocente Hernandez-Romero (Romero) seeks review of a final order from the Board of Immigration Appeals (Board) dismissing his appeal of a deportation order issued the the immigration court pursuant to 8 U.S.C. Sec. 1251(a)(4). In this petition for review, Romero argues the immigration court erred by: (1) denying his request for a continuance of the deportation hearing, (2) determining there was reasonable, substantial, and probative evidence he had been convicted of a crime involving moral turpitude, and (3) deciding not to reopen deportation proceedings under section 8 U.S.C. Sec. 1182(c). We exercise jurisdiction under 8 U.S.C. Sec. 1105a and affirm.
 
 
 2
 Romero contends the immigration court erred by not granting a continuance of the original deportation hearing so he could seek a sealing of his criminal record in the courts of Colorado. We review an immigration court's denial of a continuance for abuse of discretion. See Baires v. INS, 856 F.2d 89, 91 (9th Cir.1988); Patel v. INS, 803 F.2d 804, 806 (5th Cir.1986). Here, the immigration court denied the motion for continuance, finding a final conviction existed at the time of the hearing and deportability had been established. Romero did not request the continuance to gather evidence, accomodate witnesses, or prepare a defense based on the facts as they now stand. Rather he requested time to change the facts on which the immigration court relied. We cannot conclude the immigration court abused its discretion in denying Romero a continuance for the purpose of attempting to erase a conviction for second degree sexual assault.
 
 
 3
 Romero also contends the immigration court's decision was not based on clear and convincing evidence of a criminal conviction involving moral turpitude. We disagree. An alien cannot collaterally attack the legitimacy of a state criminal conviction in a deportation proceeding. Trench v. INS, 783 F.2d 181, 184 (10th Cir.), cert. denied, 479 U.S. 961 (1986). In determining deportability, "immigration authorities must look solely to the judicial record of final conviction." Zinnanti v. INS, 651 F.2d 420, 421 (5th Cir.1981). A certified copy of a judgment of conviction is sufficient to establish a conviction for purposes of deportation. See, e.g., Langoria-Castenada v. INS, 548 F.2d 233, 236 (8th Cir.), cert. denied, 434 U.S. 853 (1977).
 
 
 4
 Here, the INS presented a certified copy of the judgment of conviction, sentence and mittimus, which Romero stipulated related to him. The judgment of conviction shows that on July 20, 1982 Romero pleaded guilty to second degree sexual assault and a judgment of conviction was entered. Our review of the record convinces us the findings of the immigration court are supported by clear, unequivocal, and convincing evidence. We find no merit in Romero's argument that equivocation and lack of clarity must result from discrepancies between the charge of first degree sexual assault in the information and the guilty plea of second degree sexual assault in the judgment of conviction.
 
 
 5
 Finally, Romero contends the immigration court erred by denying his motion to reopen deportation proceedings to apply for relief under section 212(c) of the Nationality Act, 8 U.S.C. Sec. 1182(c). An immigration court is not bound by an inflexible test in determining whether to grant a waiver under section 212(c) as a matter of discretion. Cobourne v. INS, 779 F.2d 1564, 1566 (11th Cir.1986); see Blackwood v. INS, 803 F.2d 1165, 1167 (11th Cir.1986). As the Board has pointed out, "[t]he immigration judge must balance the adverse factors evidencing an alien's undesirability as a permanent resident with the social and human considerations presented in his behalf to determine whether the granting of section 212(c) relief appears to be in the best interests of this country." Matter of Marin, 16 I. & N. Dec. 581, 584 (BIA 1978). Based on our review of the record, we cannot say the immigration court acted arbitrarily or capriciously in deciding Romero's crime was not outweighed by a showing of unusual or outstanding equities. Therefore, we DENY the petition for review.
 
 
 
 *
 The Honorable Thomas R. Brett, District Judge, of the Northern District of Oklahoma sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3