[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 13, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-16661
Non-Argument Calendar

_____

Agency No. A079-087-161

LENIN PROCEL-RIVERA,

                                                               Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                               Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(July 13, 2009)

Before BLACK, BARKETT and FAY, Circuit Judges.

PER CURIAM:

Proceeding pro se, Lenin Procel-Rivera seeks review of the decision by the Board of Immigration Appeals ("BIA") denying his motion for reconsideration of its order affirming the immigration judge's ("IJ's") order of removal and denial of his application for a waiver of inadmissibility and adjustment of status under the Immigration and Nationality Act ("INA"). The IJ and BIA found Procel-Rivera removable based on his conviction for a crime involving moral turpitude and denied his application for a waiver of inadmissibility under INA § 212(h), 8 U.S.C. § 1182(h).

Upon receiving Procel-Rivera's petition for review, we issued three jurisdictional questions:

> 1. Address whether [INA] § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C), limits [our] jurisdiction over this petition for review. See Del Pilar v. Attorney General, 326 F.3d 1154, 1156 (11th Cir. 2003).
>
> 2. If INA § 242(a)(2)(C) applies, address whether the specific constitutional challenges or questions of law, if any, raised by petitioner, are reviewable. See 8 U.S.C. § 1252(a)(2)(D); Balogun v. Attorney General, 425 F.3d 1356, 1359 (11th Cir. 2005).
>
> 3. If petitioner seeks judicial relief of the denial of discretionary relief, regardless of whether the judgment, decision, or action is made in removal proceedings, does INA § 242(a)(2)(B)(ii) preclude [our] jurisdiction if the Attorney General or the Secretary of Homeland Security did not, in fact, exercise any discretion in denying the requested relief? See U.S.C. § 1252(a)(2)(B)(ii).

On appeal, Procel-Rivera does not contest the IJ and BIA's finding that he was an alien convicted of a crime of moral turpitude, but asserts that we have

2

jurisdiction because he is arguing a question of law–specifically, that the IJ and the BIA failed to apply the correct legal standard–within the meaning of INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D). As to the merits of his petition, Procel-Rivera argues that the IJ and the BIA failed to apply the correct legal standards to his case when they failed to evaluate the favorable and unfavorable factors in his case, as established in Matter of Marin, 16 I.&N. Dec. 581 (BIA 1978), abrogated on other grounds by Matter of Edwards, 20 I.&N. Dec. 191 (BIA 1990). He also argues that the BIA failed to "function as an appellate body" when it denied his appeal based on his admittedly deficient brief, rather than reviewing the IJ's decision de novo.

As an initial matter, it must be determined which order is being reviewed. By statute, an alien seeking review of a final order of the BIA must file a petition for review within 30 days of the issuance of the final order. INA § 242(b)(1); 8 U.S.C. § 1252(b)(1). "[T]he statutory limit for filing a petition for review in an immigration proceeding is mandatory and jurisdictional, [and, therefore,] it is not subject to equitable tolling." Dakane v. U.S. Att'y Gen., 399 F.3d 1269, 1272 n.3 (11th Cir. 2005) (quotation omitted). The finality of a removal order is not affected by the filing of a motion to reopen or reconsider. Stone v. I.N.S., 514 U.S. 386, 405, 115 S.Ct. 1537, 1549, 131 L.Ed.2d 465 (1995). Thus, because Procel-Rivera failed to file a timely petition for review of the BIA's original order affirming the

3

IJ's decision, we lack jurisdiction to review that order, and accordingly, his petition is dismissed to the extent that it relates to those issues. However, Procel-Rivera filed a motion for reconsideration within 30 days of the BIA's order, and then filed a timely petition for review of the BIA's denial of his motion. INA § 240(c)(6)(B); 8 U.S.C. § 1229a(c)(6)(B); 8 C.F.R. § 1003.2(b)(2). Thus, his petition for review of the BIA's denial of his motion for reconsideration is properly before us.

## I. Jurisdiction

We are "obligated to inquire into subject-matter jurisdiction sua sponte whenever it may be lacking." Chacon-Botero v. U.S. Att'y Gen., 427 F.3d 954, 956 (11th Cir. 2005) (quotation omitted). Questions of subject matter jurisdiction are reviewed de novo. Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250 (11th Cir. 2006).

Section 212(a)(2) of the INA provides that individuals who have committed crimes of moral turpitude are inadmissible. INA § 212(a)(2)(A)(i)(I), 8 U.S.C. § 1182(a)(2)(A)(i)(I). Section 212(h)(1)(B) of the INA gives the Attorney General discretion to waive inadmissibility in the case of an immigrant who is the spouse of a U.S. citizen, if the immigrant establishes that the denial of his admission will result in extreme hardship to the citizen. INA § 212(h)(1)(B), 8 U.S.C. 1182(h)(1)(B). However, "establishing extreme hardship and eligibility for section 212(h)(1)(B) relief does not create any entitlement to that relief. Extreme hardship

4

is a requirement for eligibility, but once established it is but one favorable discretionary factor to be considered." In re Mendez-Moralez, 21 I.&N. Dec. 296, 301 (BIA 1996). Additionally, the INA provides the Attorney General with the discretion to adjust the status of an alien to that of a lawful permanent resident if: "(1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed." INA § 245(a); 8 U.S.C. § 1255(a).

Pursuant to 8 U.S.C. § 1252(a)(2)(C), we lack jurisdiction to review a final order of removal if the alien is inadmissible or removable on account of having committed a crime involving moral turpitude for which a sentence of one year or longer may be imposed. See 8 U.S.C. §§ 1252(a)(2)(C), 1182(a)(2)(A), 1227(a)(2)(A)(i). Furthermore, § 1252(a)(2)(B) precludes judicial review of:

> (i) any judgment regarding the granting of relief under [INA § 212(h), 8 U.S.C. § 1182(h)] or (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security[.]

8 U.S.C. § 1252(a)(2). However, despite the jurisdictional limitations in § 1252(a)(2)(C) and (a)(2)(B), we are not precluded from reviewing constitutional claims or questions of law raised in a properly filed petition for review. 8 U.S.C. § 1252(a)(2)(D); Balogun, 425 F.3d at 1359 (holding that the REAL ID Act gave us

5

jurisdiction to review a criminal alien's petition for review of an order of removal raising a question of law); see also Frech v. U.S. Att'y Gen., 491 F.3d 1277, 1281 (11th Cir. 2007) (stating that we "retain jurisdiction to consider constitutional claims and questions of law under the INA, including those arising from the denial of waivers of inadmissibility."). Whether the BIA applied the wrong legal standard in evaluating an application for a waiver of inadmissibility raises a question of law that we have jurisdiction to review. Frech, 491 F.3d at 1281.

Accordingly, we have jurisdiction to review Procel-Rivera's argument, raised in his motion for reconsideration, that the BIA improperly applied the law to his case when it failed to review the IJ's decision in light of the factors set out in Marin, because this argument raises a question of law. This claim is addressed below.

## II. Motion for reconsideration

We review the BIA's denial of a motion for reconsideration for an abuse of discretion. Assa'ad v. U.S. Att'y Gen., 332 F.3d 1321, 1341 (11th Cir. 2003). The BIA's discretion in granting or denying a motion for reconsideration is "very broad." Scheerer v. U.S. Att'y Gen., 513 F.3d 1244, 1253 (11th Cir.), cert. denied, 129 S.Ct. 146 (2008). Review is limited to determining whether there has been an exercise of administrative discretion, and whether the manner in which it was exercised was arbitrary or capricious. Abdi v. U.S. Att'y Gen., 430 F.3d 1148, 1149 (11th Cir. 2005).

6

After the BIA has affirmed an IJ's order of removal, the alien may seek reconsideration on the ground that the BIA has made a legal or factual error. INA § 240(c)(6); 8 U.S.C. § 1229a(c)(6); 8 C.F.R. § 1003.2(b)(1). A motion to reconsider shall "specify the errors of fact or law in the previous order and shall be supported by pertinent authority." INA § 240(c)(6)(C); 8 U.S.C. § 1229a(c)(6)(C). "A motion to reconsider based on a legal argument that could have been raised earlier in the proceedings will be denied." Matter of O-S-G-, 24 I.&N. Dec. 56, 58 (BIA 2006); see also Calle v. U.S. Att'y Gen., 504 F.3d 1324, 1329 (11th Cir. 2007) (holding that "merely reiterating arguments previously presented to the BIA does not constitute 'specifying errors of fact or law' as required for a successful motion to reconsider." (alteration omitted)).

Citing to Marin, we have noted that "the immigration judge is not bound by an inflexible test in determining whether to grant a section 212(c) waiver as a matter of discretion." Cobourne v. I.N.S., 779 F.2d 1564, 1566 (11th Cir. 1986). Instead, the IJ "must balance the adverse factors evidencing an alien's undesirability as a permanent resident with the social and humane considerations presented in his behalf to determine whether the granting of section 212(c) relief appears to be in the best interests of this country." Id. at 1566-67 (quotation omitted); see also Mendez-Moralez, 21 I.&N. Dec. at 299-300 (applying the Marin factors to an

7

application for a § 212(h) waiver). This record shows that the IJ properly considered these facts.

We hold that the BIA did not abuse its discretion when it denied Procel-Rivera's motion for reconsideration. To the extent that he was arguing errors in the IJ's findings, the BIA properly concluded that he could have raised those issues in his original appeal to the BIA, but failed to do so. To the extent that he argued in his motion that the BIA had erred when it denied his original appeal, our review of the record shows that the BIA's denial of Procel-Rivera's motion for reconsideration of that order was not arbitrary or capricious, and it was not an abuse of the BIA's very broad discretion.

### III. Conclusion

Upon review of the record and consideration of the parties' briefs, we discern no error. Accordingly, we dismiss Procel-Rivera's claims to the extent that he challenges his final order of removal and the BIA's denial of his original appeal because we lack jurisdiction over those claims, and deny the remainder of his petition for review.

**DISMISSED IN PART AND DENIED IN PART.**