[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-14208
Non-Argument Calendar

_____

Agency No. A088-253-959

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 14, 2010
JOHN LEY
CLERK

LENIN ADALI RODAS-ALFARO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(April 14, 2010)

Before TJOFLAT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Lenin Adali Rodas-Alfaro, a native and citizen of Mexico, through counsel,

petitions us for review of the Board of Immigration Appeals's ("BIA") final order

dismissing his appeal of the Immigration Judge's ("IJ") order pretermitting his

claims for asylum and withholding of removal under the Immigration and Nationality Act ("INA"), and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment, and denying his motion to withdraw his waiver of appeal, which the BIA construed as a motion to reopen. Before the IJ, Rodas-Alfaro accepted voluntary departure and waived his right to appeal. On appeal, Rodas-Alfaro argues that: (1) the IJ erred by pretermitting his application for asylum and other relief on the ground that Rodas-Alfaro previously had withdrawn the application and by not allowing him to renew his claims, and that the BIA erred in upholding the IJ's decision; (2) the BIA failed to consider his claim of ineffective assistance of counsel when it denied his motion to withdraw the waiver of appeal, as construed as a motion to reopen; and (3) the BIA erred in denying his motion to withdraw his waiver of appeal, construed as a motion to reopen, on the ground that he did not establish prima facie eligibility for relief. After careful review, we deny the petition.

We review only the BIA's decision where it does not expressly adopt the IJ's opinion or reasoning. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). We review legal issues de novo, and whether a waiver of the right to appeal is valid is a question of law. See Mohammed v. Ashcroft, 261 F.3d 1244, 1247 (11th Cir. 2001); United States v. Bushert, 997 F.2d 1343, 1352 (11th Cir. 1993) (addressing a sentence-appeal waiver in a direct criminal case). "We review the

2

BIA's denial of a motion to reopen for an abuse of discretion." Abdi v. U.S. Att'y Gen., 430 F.3d 1148, 1149 (11th Cir. 2005). "[R]eview is limited to determining whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." Id. (quotation omitted).

First, we reject Rodas-Alfaro's claim that the IJ erred by pretermitting his application for asylum and other relief, and that the BIA erred in upholding the IJ's decision. In order for an IJ to grant an alien voluntary departure before the completion of removal proceedings, an alien must waive appeal of all issues. 8 C.F.R. § 1240.26(b)(1)(i). An alien may waive the right to appeal provided that the alien's decision is knowing and intelligent. See United States v. Mendoza-Lopez, 481 U.S. 828, 840 (1987) (holding invalid a waiver that was "not considered or intelligent"). The BIA has stated that "[b]y waiving appeal, an alien relinquishes the opportunity to obtain review of the [IJ]'s ruling. Thus, it is important that any waiver be knowingly and intelligently made." See In re Rodriguez-Diaz, 22 I. & N. Dec. 1320, 1322 (BIA 2000). The alien may challenge, however, whether the waiver was knowingly and intelligently made in a motion filed with the IJ. Matter of Shih, 20 I. & N. Dec. 697, 699 (BIA 1993).

Although we have not explicitly addressed waiver of appeal rights in the immigration context, it appears that such waivers also must be voluntary. See Cobourne v. I.N.S., 779 F.2d 1564, 1566 (11th Cir. 1986) (holding that the BIA

3

properly found that petitioner had voluntarily and knowingly waived his right to counsel). The voluntariness of the alien's decision is a distinct inquiry from whether the alien's decision is knowing and intelligent. See Moran v. Burbine, 475 U.S. 412, 421 (1986) (noting, in the context of a habeas petitioner's Fifth Amendment claim involving waiver of his Miranda[1] rights, the distinction between and voluntary choice and a knowing and intelligent choice). Thus, the waiver

> must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception[, and] . . . the waiver must have been made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it.

Id. However, "the legal system is replete with situations requiring the making of difficult judgments as to which course to follow, and . . . there is no constitutional prohibition against requiring parties to make such choices." Demore v. Kim, 538 U.S. 510, 530 n.14 (2003) (quotation and ellipsis omitted). In the criminal context, we have held that, for a defendant's waiver of his right to appeal his sentence to be knowing and voluntary, the district court generally must have discussed the waiver with the defendant. Bushert, 997 F.2d at 1351.

Here, the BIA did not err by upholding Rodas-Alfaro's waiver of his right to appeal. For starters, under BIA precedent, Rodas-Alfaro was required to challenge the validity of his waiver in a motion filed with the IJ, not the BIA. See Matter of

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

Shih, 20 I. & N. Dec. at 699. But in any event, his waiver was knowing and intelligent because he made the decision after consulting with counsel and affirmed under oath that he understood that he was giving up his right to appeal by accepting voluntary departure. Mendoza-Lopez, 481 U.S. at 840; Bushert, 997 F.2d at 1351; Rodriguez-Diaz, 22 I. & N. Dec. at 322. His waiver also was voluntary, even if he accepted it reluctantly, because he gave no indication at the hearing that his choice to take voluntary departure over challenging the pretermission of his application resulted from coercion or intimidation. Demore, 538 U.S. at 530 n.14; Bushert, 997 F.2d at 1351; Cobourne, 779 F.2d at 1566.

Moreover, Rodas-Alfaro cannot show that the waiver was invalid because of his earlier allegedly unintentional withdrawal of his asylum application. He admitted that he signed the letter withdrawing his application, and, regardless, it has no bearing on the issue because he was represented by counsel and gave no indication that his choice to waive his right to appeal was not knowing, intelligent, and voluntary. Mendoza-Lopez, 481 U.S. at 840; Cobourne, 779 F.2d at 1566. In short, Rodas-Alfaro's waiver was valid, and he has thus waived his right to challenge the IJ's decision not to consider his application.

We likewise reject Rodas-Alfaro's argument that the BIA abused its discretion by failing to address his ineffective-assistance-of-counsel claim. We recognize that "[o]ne of the grounds an alien may claim in a motion to reopen is

5

ineffective assistance of counsel." Dakane v. U.S. Att'y Gen., 399 F.3d 1269, 1273 (11th Cir. 2005). However, in addition to complying with various procedural requirements, "a petitioner claiming ineffective assistance of counsel . . . must also show prejudice." Id. at 1274. "Prejudice exists when the performance of counsel is so inadequate that there is a reasonable probability that but for the attorney's error, the outcome of the proceedings would have been different." Id. We must keep in mind, moreover, that motions to reopen are disfavored, especially in a removal proceeding, "where, as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." Abdi, 430 F.3d at 1149 (quotation omitted).

The BIA did not abuse its discretion by failing to address Rodas-Alfaro's ineffective-assistance-of-counsel claim. This claim only relates to Rodas-Alfaro's contention that the "notario" whom he had used to file his application withdrew the asylum application without his knowledge, and is not related to the actions of his attorney before the IJ in waiving his right to appeal, which as discussed above, resulted in a valid waiver of his right to appeal. Therefore, Rodas-Alfaro cannot show that he was prejudiced by the notario's actions, see Dakane, 399 F.3d at 1274, and the BIA did not abuse its discretion in not addressing this claim when it denied the motion to reopen based on Rodas-Alfaro's failure to show prima facie eligibility for relief.

6

Finally, we are unpersuaded by Rodas-Alfaro's claim that the BIA erred in denying his motion to withdraw his waiver of appeal, which was construed as a motion to reopen. An alien may file one motion to reopen which "shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material." 8 C.F.R. § 1003.2(c)(1); 8 U.S.C. § 1229a(c)(7)(A), (B).

> [T]here are at least three independent grounds upon which the Board may deny a motion to reopen: 1) failure to establish a prima facie case; 2) failure to introduce evidence that was material and previously unavailable; and 3) a determination that despite the alien's statutory eligibility for relief, he or she is not entitled to a favorable exercise of discretion.

Al Najjar, 257 F.3d at 1302. When determining whether the petitioner has established a prima facie claim, "the Board is required to consider the factual assertions and supporting evidentiary submissions in determining the merit of a motion to reopen." Id. at 1303. However, "the alien must be permitted to withdraw, unilaterally, a voluntary departure request before expiration of the departure period, without regard to the underlying merits of the motion to reopen." Dada v. Mukasey, 128 S.Ct. 2307, 2319 (2008). "Except when certified to the Board, the decision of the Immigration Judge becomes final upon waiver of appeal or upon expiration of the time to appeal if no appeal is taken whichever occurs first." 8 C.F.R. § 1003.39.

7

The BIA did not abuse its discretion in denying Rodas-Alfaro's motion. As an initial matter, Rodas-Alfaro could not unilaterally withdraw his voluntary departure request because the 120-day time period for departure started on April 11, 2008, and expired, according to the order, on August 11, 2008, 4 days before he signed the motion to the BIA on August 15, 2008. 8 C.F.R. § 1003.39; Dada, 128 S.Ct. at 2319. Moreover, the BIA did not abuse its discretion in failing to consider the addendum to his application when it denied the motion to reopen for failure to establish prima facie eligibility, because Rodas-Alfaro failed to attach the addendum to his motion or to argue to the BIA that it established prima facie eligibility. 8 C.F.R. § 1003.2(c)(1). As a result, the addendum was not part of the supporting evidence for the motion to reopen, and the BIA did not need to consider it. See id.; Al Najjar, 257 F.3d at 1302. Furthermore, the addendum did not constitute evidence that was "not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1). For these reasons, Rodas-Alfaro has not shown that the BIA abused its discretion in denying his motion.

**PETITION DENIED.**