[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13752
Non-Argument Calendar
_____

Agency No. A070-642-655


ARNOLDO RAFAEL RUIZ OCHOA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(March 4, 2014)

Before TJOFLAT, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Arnoldo Ruiz Ochoa petitions for review of the Board of Immigration Appeals's ("BIA") decision affirming the Immigration Judge's ("IJ") decision that he was ineligible for a waiver of inadmissibility under the Immigration and Nationality Act ("INA") § 212(h), 8 U.S.C. § 1182(h), and was thus ineligible for an adjustment of status under INA § 245(i), 8 U.S.C. § 1255(i).  The IJ found Ruiz Ochoa removable pursuant to INA § 212(a)(2)(A)(i)(I), 8 U.S.C. § 1182(a)(2)(A)(i)(I), for being an alien who was convicted of acts which constituted the essential elements of a crimes involving moral turpitude.  In petitioning this court for review, Ruiz Ochoa argues that the BIA, in determining whether he warranted a § 212(h) waiver as a matter of discretion, employed an incorrect legal standard by failing to articulate any "metric" for comparing and weighing the positive and negative factors.

We review *de novo* questions about our subject matter jurisdiction.  *See Ruiz v. Gonzales*, 479 F.3d 762, 765 (11th Cir. 2007).  We also review questions of law *de novo*.  *De Sandoval v. U.S. Att'y Gen.*, 440 F.3d 1276, 1278 (11th Cir. 2006).  In pertinent part, INA § 242(a)(2)(B)(i), 8 U.S.C. § 1252(a)(2)(B)(i), provides that "no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under" certain immigration statutes, including 8 U.S.C. § 1182(h), which provides for waivers of inadmissibility.  INA § 242(a)(2)(B)(i), 8 U.S.C. § 1252(a)(2)(B)(i).  This court does have jurisdiction, though, to review

2

"constitutional claims or questions of law raised upon a petition for review." INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D). Ruiz Ochoa claims that the BIA applied an incorrect legal standard in evaluating whether he should be granted a waiver of inadmissibility; the standard was incorrect, he says, because the BIA failed to set forth a "metric" for weighing the factors relevant to a determination under INA § 212(h), 8 U.S.C. § 1182(h). This presents a question of law; hence, we have jurisdiction to entertain Ruiz Ochoa's petition.

Section 212(a)(2) of the INA provides that individuals who have committed crimes of moral turpitude are inadmissible. INA § 212(a)(2)(A)(i)(I), 8 U.S.C. § 1182(a)(2)(A)(i)(I). Section 212(h)(1)(B) of the INA gives the Attorney General discretion to waive the application of § 212(a)(2)(A)(i)(I) in the case of an immigrant who is the spouse or parent of a U.S. citizen if the immigrant establishes that the denial of his admission will result in extreme hardship to the citizen. INA § 212(h)(1)(B), 8 U.S.C. § 1182(h)(1)(B).

"[T]he immigration judge is not bound by an inflexible test in determining whether to grant a . . . waiver as a matter of discretion." *Cobourne v. I.N.S.*, 779 F.2d 1564, 1566 (11th Cir. 1986) (referring to the now-repealed INA § 212(c), 8 U.S.C. § 1182(c), which addressed a waiver of inadmissibility for lawful permanent residents returning to the United States after temporarily traveling abroad) (citing *Matter of Marin*, 16 I. & N. Dec. 581, 584 (BIA 1978), *abrogated*

3

*on other grounds by Matter of Edwards*, 20 I. &. N. Dec. 191 (BIA 1990) (identifying the various positive and negative factors that should be balanced in determining whether an alien is eligible for a § 212(c) waiver)); *see also Matter of Mendez-Moralez*, 21 I. & N. Dec. at 299-300 (applying the *Marin* factors to an application for a § 212(h) waiver). Instead, the IJ, and thus the BIA, "must balance the adverse factors evidencing an alien's undesirability as a permanent resident with the social and humane considerations presented in his behalf to determine whether" granting a waiver is in the best interests of the United States. *Cobourne*, 779 F.2d at 1566-67 (quotation omitted).

The BIA did not err by failing to articulate a metric for considering whether Ruiz Ochoa warranted a § 212(h) waiver. The BIA, like the IJ, balanced balanced the adverse factors against the positive equities Ruiz Ochoa presented in determining whether discretionary relief is warranted. *See Cobourne*, 779 F.2d at 1566-67 (citing *Matter of Marin*, 16 I. & N. Dec. at 584). In its decision, the BIA cited to its precedential authority and identified the positive and negative factors to be weighed in determining whether Ruiz Ochoa was entitled to the relief he sought. The BIA recognized Ruiz Ochoa's "positive equities." BIA decision at 2. He had "a long residence in this country," "strong family ties to this country, including his United States citizen wife, and three United States citizen children."

4

*Id.* He is a "devoted father," "regularly paid his taxes and own[ed] a business." *Id.*

His "removal would result in significant hardship to [his] wife and children." *Id.*

On the other side of the ledger, the BIA found that Ruiz Ochoa's case presented "some significant negative factors, including [his] lengthy and troubling criminal history." *Id.* He was arrested in 1996 for involvement with a forged check. *Id.* Over the course of 10 years, he [had] been arrested four times and convicted three times for driving under the influence of alcohol . . . the fourth result[ing] in a conviction for reckless driving and the revocation of his driver's license." *Id.* at 3. He had two arrests for "family violence involving his wife." "These arrests resulted in a conviction for battery and a conviction for interference with a 911 emergency call." *Id.* The BIA agreed with the IJ that his "use of physical force against his wife constitute[d] a significant negative factor." *Id.*

The BIA concluded its balancing by saying that it was a "close case." It nonetheless agreed with the IJ "that the positive factors presented [were] insufficient to overcome the negative discretionary factors," *id.,* and concluded that Ruiz Ochoa failed to establish eligibility for a section 212(h) waiver as a matter of discretion. *See Matter of Mendez-Moralez*, 21 I. & N. Dec. at 299-301.[1] We are not persuaded by Ruiz Ochoa's argument that BIA applied an incorrect standard in reaching this decision. His petition for review is therefore denied.

---

[1] Because Ruiz Ochoa was not eligible for a waiver, the BIA did not address whether he merited adjustment of status in the exercise of discretion.

5

PETITION DENIED.