[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-11322
Non-Argument Calendar

_____

Agency No. A206-889-578

NELSY YAZMIN GIRON-GARCIA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(February 1, 2021)

Before MARTIN, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Nelsy Yazmin Giron-Garcia, a citizen of Guatemala, seeks review of the

Board of Immigration Appeals's ("BIA") final order affirming the Immigration

Judge's ("IJ") denial of Giron-Garcia's application for asylum, withholding of removal, and protection under the Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT").[1]  On appeal, Giron-Garcia argues that the BIA erred in determining that her due process rights were not violated when the IJ allowed her attorney to withdraw on the day of her merits hearing and allowed her to proceed pro se.  Giron-Garcia also argues that the IJ erred in finding that she did not demonstrate a well-founded fear of future persecution and finding that she could reasonably relocate within Guatemala. After careful review, we deny Giron-Garcia's due process claim and dismiss her asylum claim for lack of jurisdiction.

## I.

We review the decision of the BIA as the final judgment unless the BIA expressly adopted the IJ's decision, in which case we review the IJ decision to the extent of the agreement.  Gonzalez v. U.S. Att'y Gen., 820 F.3d 399, 403 (11th Cir. 2016) (per curiam).  Here, the BIA expressly adopted the IJ's decision and issued a written decision solely addressing Giron-Garcia's due process claim.  But because the due process claim was only raised before and addressed by the BIA, we will review only the BIA's decision as to that claim.  See id. (explaining that

---

[1] Giron-Garcia did not appeal the BIA's denial of her CAT claim here, so we do not address it.

2

where the BIA did not expressly adopt the IJ's decision or rely on its reasoning, we review only the BIA decision).

In petitions for review of BIA decisions, we review de novo constitutional challenges. Lonyem v. U.S. Att'y Gen., 352 F.3d 1338, 1341 (11th Cir. 2003) (per curiam). Factual determinations are reviewed under the substantial evidence test and conclusions of law de novo. Gonzalez, 820 F.3d at 403. Under the substantial evidence test, we "view the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." Sanchez Jimenez v. U.S. Att'y Gen., 492 F.3d 1223, 1230 (11th Cir. 2007) (quotation marks omitted). We will affirm the BIA's decision if it is supported by "reasonable, substantial, and probative evidence on the record considered as a whole," and to warrant reversal, the record must compel a conclusion contrary to the one reached by the BIA. Id. (quotation marks omitted).

## II.

People who have been placed in deportation proceedings are entitled to due process of law under the Fifth Amendment. Frech v. U.S. Att'y Gen., 491 F.3d 1277, 1281 (11th Cir. 2007). In immigration proceedings, due process requires that a noncitizen be given notice and an opportunity to be heard. Lapaix v. U.S. Att'y Gen., 605 F.3d 1138, 1143 (11th Cir. 2010) (per curiam). "Due process is satisfied only by a full and fair hearing." Ibrahim v. U.S. I.N.S., 821 F.2d 1547,

3

1550 (11th Cir. 1987).  To establish a due process violation, the petitioner must show that she was deprived of liberty without due process of law and that the purported errors caused her substantial prejudice.  Lapaix, 605 F.3d at 1143.  To show substantial prejudice, she must demonstrate that, "in the absence of the alleged violations, the outcome of the proceeding would have been different."  Id.

Further, noncitizens have the right to be represented by the counsel of their choice in removal proceedings.  Frech, 491 F.3d at 1281 ("The right to counsel in the immigration context is an integral part of the procedural due process to which the [noncitizen] is entitled." (quotation marks omitted)).  When a petitioner has acknowledged that she understands her right to counsel, and then proceeds with the hearing without counsel, she has waived this right.  Cobourne v. I.N.S., 779 F.2d 1564, 1566 (11th Cir. 1986) (per curiam).  This waiver need not be express but may be inferred from the language and the acts of the petitioner.  Id.

Regardless of whether Giron-Garcia waived her right to counsel, she cannot show her due process rights were violated because she has failed to show she was prejudiced by the IJ's actions.  She was represented by counsel for more than two years prior to her merits hearing, during which time she filed an I-589 application with supporting documentation.  And, even though she argues she was a child and

4

did not have the legal capacity to defend her case,[2] Giron-Garcia was involved in and aware of her case enough to disagree with her attorney about their strategy to the point that counsel felt it necessary to withdraw from representing her.  In addition, the IJ granted a pause in the proceedings so that Giron-Garcia's counsel could explain to her that she would need to put forward her case and should do so by explaining what happened in her country that made her come to the United States.  Giron-Garcia then testified credibly at her hearing about the events that led to her leaving Guatemala.

Giron-Garcia has not shown that an attorney would have presented any additional evidence or how the outcome of the proceedings would have been different.  See Lapaix, 605 F.3d at 1143.  On appeal, Giron-Garcia is represented by new counsel.  Yet she does not point to any testimony or evidence that she would have included at her hearing if she been represented by counsel.  Rather, she summarily asserts that she could have "put forward a particular social group that included her relationship to her mother."  This means she has not pointed to any evidence or made any arguments that could have been made by counsel at the merits hearing that would have cured the deficiencies in her persecution and nexus

---

[2] Giron-Garcia was 17 years old when her removal proceedings began, but she was 20 at the time of her removal hearing.

5

claims.  As a result, she cannot demonstrate that she suffered substantial prejudice.

See id. at 1143.

## III.

Giron-Garcia also challenges the merits of the BIA's denial of asylum on the grounds that she failed to establish a well-founded fear of future persecution, and that she could relocate within Guatemala safely.[3]  However, we lack jurisdiction to decide this issue.

We review de novo the issue of subject matter jurisdiction.  Indrawati v. U.S. Att'y Gen., 779 F.3d 1284, 1297 (11th Cir. 2015).  We lack jurisdiction to review final orders in immigration cases unless the petitioner has exhausted all administrative remedies available as of right.  Id.  A petitioner fails to exhaust her administrative remedies with respect to a particular claim when she does not raise that claim before the BIA.  Id.

On appeal to the BIA, Giron-Garcia did not challenge the IJ's conclusion that she failed to demonstrate any nexus between her fear of future persecution and

---

[3] To establish asylum eligibility, the noncitizen must establish (1) past persecution on account of a statutorily listed protected ground, or (2) a well-founded fear that the statutorily protected ground will cause future persecution.  Diallo v. U.S. Att'y Gen., 596 F.3d 1329, 1332 (11th Cir. 2010) (per curiam).  An applicant does not have a well-founded fear of future persecution if she could "avoid persecution by relocating to another part of the applicant's [home] country," where such relocation is reasonable.  8 C.F.R. § 1208.13(b)(2)(ii).

a protected ground.[4]  She did state, in her notice of appeal, that the IJ erred by finding she "failed to establish that any past harm or future fear thereof was on account of a protected ground," but she made no substantive argument to further that claim.  Although exhaustion of a claim does not require "a well-developed argument," Giron-Garcia must first provide the BIA with "her argument's relevant factual underpinnings." Indrawati, 779 F.3d at 1297–98 (quotation marks omitted and alteration adopted).  The one-sentence reference to the nexus requirement in her notice of appeal was not sufficient to present the claim to the BIA.  And, because the adverse nexus finding is intertwined with Giron-Garcia's asylum claim, we cannot address the BIA's underlying decision as to the merits of her asylum claim.  See 8 U.S.C. § 1158(b)(1)(B)(i) (requiring an asylum applicant to show that a protected ground "was or will be at least one central reason for persecuting the applicant").  Therefore the issue of whether Giron-Garcia had a well-founded fear of future persecution or could relocate safely within Guatemala is not properly before us.  See Malu v. U.S. Att'y Gen., 764 F.3d 1282, 1290–91 (11th Cir. 2014) (explaining that addressing an issue over which the court lacks jurisdiction results in an impermissible advisory opinion).

**PETITION DENIED IN PART, DISMISSED IN PART.**

---

[4] Giron-Garcia sought asylum based on her membership in a particular social group related to an event where "unknown individuals with firearms arrived at [her] house and attempted to break into it," and she feared these individuals would strike again.