[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 24, 2008
THOMAS K. KAHN
CLERK

No. 07-12382
Non-Argument Calendar

_____

BIA No. A98-740-442

MEISU CRISTINA MARCANO ROSAS,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(January 24, 2008)**

Before HULL, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Meisu Cristina Marcano Rosas ("Marcano"), proceeding through counsel, petitions for review of the order by the Board of Immigration Appeals ("BIA") concluding that her due process rights were not violated by the Immigration Judge ("IJ") and affirming the IJ's denial of her motion to recuse.

The BIA found no support for a finding that the IJ was biased against Marcano so as to deprive her of a full and fair hearing. The BIA noted that the IJ extensively questioned Marcano and her attorney, but determined that the questioning did not exceed the IJ's authority. The BIA also concluded that the IJ's concerns over the similarity between Marcano's claims and the claims of another applicant (Brito) did not constitute bias or prejudicial conduct. Moreover, the BIA noted that there was no evidence that the IJ relied upon extrajudicial material in deciding the case. The BIA affirmed the decision, including the IJ's substantive removal decision, after concluding that the IJ's conduct did not demonstrate bias or prejudice.[1]

"When the BIA issues a decision, we review only that decision, except to the extent the BIA expressly adopts the IJ's decision." Lopez v. U.S. Att'y Gen., 504 F.3d 1341, 1344 (11th Cir. 2007). Here, the BIA expressly addressed Marcano's

---

[1]Marcano does not appeal the merits portion of the BIA's order affirming the IJ's denial of her application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture. Thus, these issues are deemed abandoned. Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005). Rather, Marcano's appeal focuses on her due process claims.

claims of bias. We, therefore, review the BIA's decision. We review legal and constitutional claims de novo, including claims of due process violations. Ali v. U.S. Att'y Gen., 443 F.3d 804, 808 (11th Cir. 2006).

Recusal of an IJ is warranted if it is shown that "the immigration judge had a personal, rather than judicial, bias stemming from an extrajudicial source which resulted in an opinion on the merits on some basis other than what the immigration judge learned from his participation in the case." Matter of Exame, 18 I. & N. Dec. 303, 306 (BIA 1982) (quotation marks omitted). "An exception to the general rule that bias must stem from an extrajudicial source may arise where such pervasive bias and prejudice is shown by otherwise judicial conduct as would constitute bias against a party." Id. (quotation marks omitted). The IJ may interrogate, examine, and cross-examine the asylum applicant and any witnesses during the proceeding. 8 U.S.C. § 1229a(b)(1).

The Supreme Court has held that "opinions formed by the judge on the basis of . . . events occurring in the course of the current proceedings . . . do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky v. United States, 510 U.S. 540, 555, 114 S. Ct. 1147, 1157 (1994) (in the context of a district court proceeding). "[J]udicial remarks during the course of a trial that are

3

critical or disapproving of . . . counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." Id.

An IJ must "consider the issues raised and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." Tan v. U.S. Att'y Gen., 446 F.3d 1369, 1374 (11th Cir. 2006) (citation and quotation marks omitted) (in the context of withholding-of-removal applications). We will not require the IJ to address specifically each claim and each piece of evidence where it makes adequate findings and gives reasoned consideration to the motion. Id.

In this case, the BIA did not err in affirming the IJ's denial of Marcano's motion to recuse and concluding that Marcano received a full and fair hearing because there was no evidence that the IJ violated Marcano's due process rights due to (1) an inherent bias against Marcano, (2) an insufficient ruling on the motion to recuse, or (3) improper questioning of witnesses and attorneys.

**PETITION DENIED.**