[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-15340
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 2, 2010
JOHN LEY
CLERK

Agency No. A088-413-505

BIRHANE GEBREMEDHIN BELACHEW,

                                                            Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                            Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(July 2, 2010)

Before BLACK, HULL and MARTIN, Circuit Judges.

PER CURIAM:

Birhane Gebremedhin Belachew, through counsel, petitions for review of the Board of Immigration Appeals' (BIA's) decision, affirming the immigration judge's (IJ's) order finding her removable and denying her application for asylum.[1] Belachew asserts: (1) the IJ abused his discretion and violated her due process rights when he refused to grant a continuance after allowing Belachew's counsel to withdraw on the day of the merits hearing; and (2) the IJ erred by denying her asylum claim. The Government asserts Belachew has waived any challenge to the denial of asylum because she does not challenge the BIA's affirmance of the IJ's adverse credibility finding. After review, we deny Belachew's petition.

I.

Belachew asserts the IJ denied her right to counsel by waiting until the asylum hearing to grant her counsel's motion to withdraw. She contends she was forced to represent herself *pro se*, was not given an adequate opportunity to present her case, was subjected to abusive questioning by the Government and the IJ, did not give an opening or closing statement, and lacked an advocate to effectively present her case. She asserts the IJ erred by not giving her a continuance in order

---

[1] The BIA further dismissed Belachew's claims for withholding of removal and relief under the United Nations Convention on Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment (CAT). Belachew does not challenge the BIA's dismissal of her withholding of removal and CAT relief claims on appeal, however, and she has abandoned those claims. *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (noting when an appellant fails to offer argument on an issue that issue is abandoned).

to find counsel to represent her once her original counsel withdrew because she "had a good cause for a continuance." She lastly argues "her case was prejudiced to the extent that it likely changed the outcome of her case."

"We review constitutional challenges *de novo*." *Lonyem v. U.S. Atty. Gen.*, 352 F.3d 1338, 1341 (11th Cir. 2003). The Fifth Amendment entitles petitioners in removal proceedings to due process of law. *Frech v. U.S. Att'y Gen.*, 491 F.3d 1277, 1281 (11th Cir. 2007). "The right to counsel in the immigration context is an integral part of the procedural due process to which the alien is entitled." *Id.* (quotation omitted). "To prevail on a procedural due process challenge, the petitioner must show that [she] was substantially prejudiced by the violation." *Id.* To establish a due process violation from the denial of the right to counsel at a deportation proceeding, an alien must establish that the "presence of counsel might have affected the outcome." *Cobourne v. I.N.S.*, 779 F.2d 1564, 1566 (11th Cir. 1986); *see also Ibrahim v. I.N.S.*, 821 F.2d 1547, 1550 (11th Cir. 1987).

Belachew has failed to demonstrate her due process rights were violated because she has not demonstrated the absence of counsel affected the outcome of her case. Although Belachew argues she was not given the opportunity to present her case because she was *pro se*, she does not state what evidence she would have presented or how her testimony would have been different had she been represented by counsel. Rather, she generally contends "her case was prejudiced to

3

the extent that it likely changed the outcome of her case," without explaining how proceeding with counsel would have changed the outcome of her case. Because Belachew has not established the presence of counsel might have affected the outcome of her case, she has not established her due process rights were violated.[2]

## II.

Belachew next contends the IJ erred by finding she had not suffered past persecution, there was not a nexus between her alleged persecution and her political opinion, and she did not have a well-founded fear of future persecution.

When the BIA issues a decision, we review only that decision, except to the extent the BIA expressly adopts the IJ's decision. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). Here, the BIA did not expressly adopt the IJ's order, and we review the BIA's order.

The BIA did not address the IJ's findings that Belachew did not demonstrate that she suffered past persecution, that there was not a nexus between her alleged persecution and her political opinion, and that she did not have a well-founded fear of future persecution, but rather, dismissed Belachew's application based on the

---

[2] To the extent Belachew argues the IJ erred in not granting her a continuance, we review for an abuse of discretion. *Zafar v. U.S. Att'y Gen.*, 461 F.3d 1357, 1362 (11th Cir. 2006). "[A]n immigration judge's decision denying [a] motion for continuance will not be reversed unless the alien establishes that [the] denial caused [her] actual prejudice and harm and materially affected the outcome of [her] case." *Matter of Sibrun*, 18 I. & N. Dec. 354, 356-57 (BIA 1983). Belachew's argument fails because she did not request a continuance before the IJ. Because Belachew did not request a continuance, she did not show good cause for the IJ to grant her a continuance. Accordingly, the IJ did not abuse his discretion.

4

IJ's adverse credibility finding. Thus, we will not consider Belachew's contentions. As the Government correctly asserts, Belachew does not offer any argument regarding the BIA's adverse credibility finding and has waived any challenge to the credibility finding. *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

Accordingly, we deny Belachew's petition for review.

**PETITION DENIED.**