[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-13136
Non-Argument Calendar
_____

Agency No. A207-160-712

ERICK ALAN CRUZ-VALDEZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(October 1, 2019)

Before MARTIN, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Erick Cruz-Valdez petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the immigration judge's removal order. After careful consideration, we deny his petition for review.

## I.

Erick Cruz-Valdez is a 27-year old native and citizen of Mexico who arrived in the United States when he was fifteen years old. He earlier received Deferred Action for Childhood Arrivals ("DACA") protection. However, Cruz-Valdez's DACA status was revoked after he was arrested on September 17, 2017, for driving under the influence. The day after his arrest, the Department of Homeland Security ("DHS") served him with a Notice to Appear ("NTA"), charging him with being removable for staying in the United States without admission or parole and for lacking a valid visa or other entry document at the time of his application for admission. The NTA ordered him to appear at an address "to be set" and at a date and time "to be set." Cruz-Valdez refused to sign the NTA. The Executive Office for Immigration Review eventually sent Cruz-Valdez a Notice of Hearing on October 3, 2017, which notified him that his hearing would take place in Pompano Beach, Florida at 8:00 AM on October 5, 2017.

Cruz-Valdez, represented by counsel, appeared before the immigration judge ("IJ") on October 5, 2017. Counsel acknowledged proper service of the NTA and made no mention of the missing date, time, and location on the form. Counsel also

2

conceded Cruz-Valdez was removable as charged.  The hearing was continued, so counsel could procure Cruz-Valdez's arrest records for driving under the influence.

Two weeks later, Cruz-Valdez appeared at his hearing with a different attorney from the same law firm.  Counsel again acknowledged proper service of the NTA and conceded Cruz-Valdez was removable as charged.  Counsel informed the IJ that Cruz-Valdez intended to pursue withholding of removal and protection under the Convention Against Torture.  The IJ ordered proceedings continued to give Cruz-Valdez some time to prepare his applications for relief.

On November 9, 2017, Cruz-Valdez, represented by new counsel, requested and received two additional weeks to continue filling out his applications.  He explained to the IJ that he terminated his previous counsel because he "tried to communicate with them," but they "never answer[ed] the phone."  Proceedings were continued several more times after that.  Cruz-Valdez's final merits hearing was eventually scheduled for January 31, 2018, on his application for cancellation of removal.  He did not submit an application for asylum, withholding of removal, or CAT withholding.

On the day of the hearing, counsel informed the IJ that Cruz-Valdez fired her and submitted a motion to withdraw.  Cruz-Valdez confirmed his wish to terminate counsel from his case because he was not happy with her representation.  Before ruling on counsel's motion to withdraw, the IJ asked Cruz-Valdez whether

3

he understood he would "have to proceed with [his] case today." The IJ also informed Cruz-Valdez that if he did not wish to proceed, he could voluntarily depart at his own expense. Cruz-Valdez replied that he wished "to continue on with [his] case." The IJ then granted counsel's motion to withdraw.

Shortly after, Cruz-Valdez again expressed his desire to "continue on with [his] case" because he "cannot return to [his] country." The IJ explained that because Cruz-Valdez submitted only an application for cancellation of removal, his application had nothing to do with fear of returning. Cruz-Valdez responded that he thought the IJ had offered him "asylum" and he thought he would qualify for relief. The IJ told Cruz-Valdez he would not be eligible for asylum because he did not file an application for asylum within one year of arriving in the United States but that he "would be eligible to seek withholding of removal, which is a much higher standard." The IJ proceeded to explain the requirements for withholding of removal and offered to give Cruz-Valdez a withholding application if he wished to pursue it. The IJ also informed Cruz-Valdez he would continue to remain in custody without bond during the pendency of his application for withholding.

Cruz-Valdez asked in response whether applying for withholding of removal would "stop" his application for cancellation of removal. The IJ replied that the application for cancellation of removal was "all that['s] pending." Cruz-Valdez then told the IJ he wished to continue with his cancellation application and he

understood his decision to proceed with cancellation of removal meant he would not be able to apply for withholding of removal after the conclusion of his cancellation proceedings.

Based on Cruz-Valdez's statements, the IJ went forward with the merits hearing on Cruz-Valdez's application for cancellation of removal. Cruz-Valdez testified he had one son, who was born in 2008 in the United States, although he was not listed as the father on the birth certificate. He said his mother, father, and five sisters still lived in Mexico. He testified he had committed four other traffic violations, in addition to his 2017 arrest for driving under the influence, during his time in the United States.

At the conclusion of Cruz-Valdez's testimony, the IJ announced his decision to deny Cruz-Valdez's application for cancellation of removal. The IJ found Cruz-Valdez failed to establish the existence of a qualifying relative, because "there [was] no documentary evidence[] relating to the familial relationship of [Cruz-Valdez's] child and [Cruz-Valdez]." The IJ further found Cruz-Valdez failed to establish good moral character during his time in the United States due to his previous encounters with law enforcement, including his arrest for driving under the influence, and several improperly filed tax returns. The IJ also found Cruz-Valdez did not establish "the exceptional and extremely unusual hardship standard

5

to be eligible for cancellation of removal." The IJ then ordered Cruz-Valdez removed to Mexico.

Cruz-Valdez appealed to the BIA, arguing the IJ violated his due process rights by proceeding with a merits hearing on the same day his attorney withdrew. He also argued the IJ should have continued his hearing after he told the IJ that he feared returning to Mexico. The BIA dismissed the appeal and affirmed the IJ's order of removal. The BIA found that because the IJ gave Cruz-Valdez three opportunities to find counsel, the IJ did not commit a due process violation by proceeding with the merits hearing following the withdrawal of Cruz-Valdez's third attorney. For similar reasons, the BIA concluded the IJ had no obligation to continue proceedings on January 31, 2018, so Cruz-Valdez could find a new attorney, particularly since there were no allegations that any of the attorneys provided ineffective assistance. The BIA rejected Cruz-Valdez's argument that the IJ "exhibited bias or otherwise did not act as a neutral arbiter" during the hearing.

Cruz-Valdez timely petitioned this Court for review.

## II.

This Court determines its subject matter jurisdiction de novo. See Guzman-Munoz v. U.S. Att'y Gen., 733 F.3d 1311, 1313 (11th Cir. 2013) (per curiam). We also review de novo constitutional claims and questions of law. See Zhou Hua Zhu v. U.S. Att'y Gen., 703 F.3d 1303, 1307 (11th Cir. 2013). We review an IJ's

6

decision not to grant a continuance for abuse of discretion. See Zafar v. U.S. Att'y Gen., 461 F.3d 1357, 1362 (11th Cir. 2006). Factual findings by the agency are reviewed for substantial evidence. Chen v. U.S. Att'y Gen., 463 F.3d 1228, 1230–31 (11th Cir. 2006) (per curiam). We will reverse an agency's factual findings only if "the evidence compels a reasonable fact finder to find otherwise." Id. (quotation marks omitted).

### III.

To begin, we reject Cruz-Valdez's argument that jurisdiction did not properly vest over his removal proceedings because DHS served him with an NTA lacking the time, date, and location of his hearing.[1] As this Court recently held in Perez-Sanchez, neither the statute, 8 U.S.C. § 1229(a), nor the regulation, 8 C.F.R. § 1003.14(a), create rules of jurisdictional significance. Perez-Sanchez, 2019 WL 3940873, at *7. Thus, even though Cruz-Valdez's NTA was deficient under § 1229(a), see Perez-Sanchez, 2019 WL 3940873, at *4, that deficiency did not affect the agency's exercise of jurisdiction over his removal hearing, and we deny his petition for review as to this claim. See id. at *7. "To the extent [Cruz-Valdez]

---

[1] We also reject the government's argument that we do not have jurisdiction to review this claim because Cruz-Valdez failed to exhaust it before the agency. As we explained in Perez-Sanchez v. U.S. Attorney General, __ F.3d __, 2019 WL 3940873 (11th Cir. Aug. 21, 2019), Cruz-Valdez essentially argues "the agency never had jurisdiction over his removal proceedings to begin with," which would render his final order of removal invalid. Id. at *3. This issue implicates this Court's own jurisdiction, see 8 U.S.C. § 1252(a)(1), (b)(9), and "[w]e always have jurisdiction to determine our own jurisdiction," Perez-Sanchez, 2019 WL 3940873, at *3 (quotation marks omitted).

argues he is nonetheless entitled to a remand because his NTA violated the agency's claim-processing rules, we dismiss this part of his petition for lack of jurisdiction because he failed to exhaust the claim before the agency." Id.

**IV.**

Cruz-Valdez next argues the BIA erred in rejecting his due process arguments. He argues the IJ violated his due process rights by conducting a merits hearing right after his attorney withdrew rather than continuing proceedings to give him time to procure the assistance of new counsel. This argument fails.

"To establish due process violations in removal proceedings, aliens must show that they were deprived of liberty without due process of law, and that the asserted errors caused them substantial prejudice." Lonyem v. U.S. Att'y Gen., 352 F.3d 1338, 1341–42 (11th Cir. 2003) (per curiam). It is well-established that noncitizens may waive their statutory right to counsel. See Cobourne v. INS, 779 F.2d 1564, 1566 (11th Cir. 1986) (per curiam); see also Al Khouri v. Ashcroft, 362 F.3d 461, 464 (8th Cir. 2004) ("[A]liens are free to waive their statutory right to counsel . . . ."). As long as that waiver was knowing and voluntary, no due process violation shall inhere. See Cobourne, 779 F.2d at 1566.

In this case, the IJ gave Cruz-Valdez the options of continuing his case to pursue withholding of removal, which would have given him time to procure counsel, or proceeding pro se on the merits of his cancellation of removal claim.

8

Cruz-Valdez knowingly and voluntarily chose the second option. Contrary to Cruz-Valdez's argument, he knew in advance of the hearing that counsel would no longer be representing him because he terminated her representation just before the hearing. Also, he did not oppose her motion to withdraw.[2] And there is no indication from the record that the IJ "bullied and confused" Cruz-Valdez into going forward with the merits hearing. Under these circumstances, we cannot say the IJ's decision to proceed with Cruz-Valdez's merits hearing deprived him of a fundamentally fair hearing. See Cobourne, 779 F.2d at 1566; see also Al Khouri, 362 F.3d at 464 (concluding waiver of statutory right to counsel did not rise to the level of a due process violation). We therefore deny his petition for review as to this claim.

## V.

We similarly reject Cruz-Valdez's argument that the IJ abused its discretion in failing to grant him a continuance.

A noncitizen seeking a continuance must establish good cause for the continuance. See 8 C.F.R. § 1003.29. The BIA found Cruz-Valdez did not have good cause for a continuance, and we discern nothing in the record that would

---

[2] Cruz-Valdez argues the BIA mischaracterized the facts when it said he fired three attorneys. We agree with him that his first two attorneys were part of the same firm, so he dismissed the services of two—not three—different lawyers. However, this does not change our analysis of his due process claim. Regardless of how many attorneys he terminated, the record reflects Cruz-Valdez knowingly and voluntarily chose to continue pro se with his cancellation of removal merits hearing rather than request a continuance.

compel a contrary conclusion.  See Chen, 463 F.3d at 1230–31.  Not only did

Cruz-Valdez not ask for a continuance, he told the IJ he wanted to proceed with his

merits hearing.  Beyond that, as the BIA pointed out in its decision, Cruz-Valdez

procured the services of several attorneys, and he has not alleged any were

ineffective.  We therefore conclude the IJ did not abuse its discretion in failing to

grant Cruz-Valdez a continuance, and we deny his petition for review as to this

claim.  See, e.g., Belachew v. U.S. Att'y Gen., 385 F. App'x 924, 925 n.2 (11th

Cir. 2010) (per curiam) (unpublished) ("Because Belachew did not request a

continuance, she did not show good cause for the IJ to grant her a continuance.").

## VI.

Cruz-Valdez also argues that the BIA erred in finding the IJ "did not exhibit

bias or otherwise act other than a neutral arbiter."  This argument is meritless.  The

record reflects that the IJ asked questions relevant to Cruz-Valdez's cancellation of

removal application and did not, as Cruz-Valdez asserts, act as prosecutor.  The IJ

was empowered to "interrogate, examine, and cross-examine the [noncitizen] . . .

during the proceeding."  Marcano Rosas v. U.S. Att'y Gen., 263 F. App'x 792, 793

(11th Cir. 2008) (per curiam) (unpublished) (citing 8 U.S.C. § 1229a(b)(1)).  That

is precisely what the IJ did here.  Also meritless is Cruz-Valdez's argument that the

IJ's failure to specify each article of evidence supporting the denial suggests the IJ

was biased.  The IJ was not required to list and discuss every single piece of

10

evidence supporting his decision.  See Tan v. U.S. Att'y Gen., 446 F.3d 1369, 1376 (11th Cir. 2006).

**PETITION DENIED IN PART AND DISMISSED IN PART.**